# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:21-CR-256-1 |
| DENNIS JAMES SLADE, JR., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Compassionate Release Motion pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 47.) The Government filed a Response opposing the motion. (ECF No. 49.) The Court, having considered the arguments of the parties as set for below finds that Defendant has failed to exhaust his administrative remedies and his motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 47), will be denied.

## I. BACKGROUND

On October 5, 2021, Defendant pled guilty to three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Minute Entry of 10/5/21; ECF No. 37 at 1.) Defendant was initially sentenced to 93 months on each count, to run concurrently. (ECF No. 37 at 2.) However, his sentences

were later reduced to 79 months on each count, to run concurrently. (ECF No. 45 at 1.) Defendant is 35 years old, and his current projected release date is December 5, 2027.[1]

## II. DISCUSSION

Defendant moves for compassionate release because he wants to help provide care for his son and his father. (*Id.* at 2-3.) The Government opposes the motion asserting Defendant failed to exhaust his administrative remedies before filing the motion in this Court. (*Id.* at 3.) Alternatively, the Government asserts Defendant is unable to establish an extraordinary and compelling reason for a reduction. (*Id.*) The Government further argues the § 3553(a) factors weigh against a reduction in sentence. (*Id.* at 8-10.)

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). A defendant may bring a motion pursuant to § 3582 after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The administrative requirement is a non-jurisdictional rule that may be waived if not raised by the Government. *United States v. Muhammad*, 16 F.4th 126, 129-30 (4th Cir. 2021). However, when the Government raises the issue, the Court must address it. *United States v. Spencer*, 2022 WL 355775, at *1 (4th Cir. Feb. 7, 2022) (per curium) (unpublished).

The Government contends the Court should not entertain Defendant's motion because Defendant has not exhausted his administrative remedies. (ECF No. 49 at 1.) The Government indicates "that staff at both [Defendant's] current and prior BOP institutions

---

[1] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Oct. 2, 2025) (enter "57537-509" in BOP Register Number field).

could locate no record of an administrative compassionate release request by [Defendant]." (*Id.* at 1, 5.) In his motion, Defendant does not allege he filed a request for administrative relief, (*see*, *generally*, ECF No. 47), nor has Defendant filed a reply disputing the Government's assertion that he failed to seek any administrative relief. Consequently, there is no indication that Defendant has exhausted his administrative remedies and Defendant's motion will be denied for failure to exhaust.

Moreover, even if the motion is considered on the merits, Defendant would not be entitled to relief. To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) an extraordinary and compelling reason exists to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). The Sentencing Commission policy guidelines provide that to show an extraordinary and compelling circumstance with respect to the care of child a defendant must show "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care." U.S.S.G. § 1B1.13(b)(3)(A). For the care of a parent, a defendant may establish an extraordinary and compelling circumstance if the parent is incapacitated and "the defendant would be the only available caregiver." U.S.S.G. § 1B1.13(b)(3)(C).

Defendant asks for a reduction in sentence because "his autistic son has been going through a very bad time at home, and at school," and it is a hardship for his son's mother to take care of his son alone. (ECF No. 47 at 2.) The Defendant alleges his son's mother has only been able to work part-time, which has significantly impacted their standard of living.

3

(*Id.*)  Defendant's motion indicates that his son is being cared for by the child's mother.  While it is admirable that Defendant wants to assist with his son's care, Defendant fails to even allege the incapacitation of the current caregiver.  The fact that the child's mother is having a difficult time and would benefit from help fails to demonstrate an extraordinary and compelling reason for a reduction.  *See*, *e.g.*, *United Staes v. Ramirez*, No. 1:13CR310, 2025 WL 1307810, at *2 (E.D. Va. May 6, 2025) (finding mother's need to work did not make her unavailable as a caregiver for who son who required extensive care); s*ee also United States v. Parks*, 2022 WL 256329, at *3 (W.D.N.C. Jan. 26, 2022) (denying relief when mother available but faced with challenge of providing for care while working).

Likewise, with respect to the care of his father, Defendant has not presented circumstances that would support a reduction.  Defendant indicates he has learned his father has liver disease and will require dialysis, (ECF No. 47 at 3), but Defendant has not indicated his father is incapacitated or that there are no other available caregivers.  Consequently, Defendant has failed to show an extraordinary and compelling reason for a reduction in sentence based on his family circumstances, and even if Defendant had exhausted his administrative remedies his motion would fail on the merits.

### ORDER

**IT IS THEREFORE ORDERED** that Defendant's Compassionate Release Motion pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 47), is **DENIED**.

This, the 6th day of October 2025.

/s/ Loretta C. Biggs
Senior United States District Judge